Equitable Trust Company, Trustee and Transferee, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 19631.   Promulgated November 10, 1949.

*Dean P. Kimball, Esq.*, for the petitioner.
*Paul P. Lipton, Esq.*, for the respondent.

732

**OPINION.**

Harlan, *Judge*: Respondent contends that petitioner is personally liable for the tax in question under the express provisions of section 827 (b) of the Internal Revenue Code.[1] Petitioner contends that

---

[1] SEC. 827. LIEN FOR TAX.

(b) LIABILITY OF TRANSFEREE, ETC.—If the tax herein imposed is not paid when due, then the spouse, transferee, trustee, surviving tenant, person in possession of the property by reason of the exercise, non-exercise, or release of a power of appointment, or beneficiary, who receives, or has on the date of the decedent's death, property included in the gross estate under section 811 (b), (c), (d), (e), (f), or (g), to the extent of the value, at the time of the decedent's death, of such property, shall be personally liable for such tax. * * *

liability under that section does not attach to a trustee of property transferred in trust prior to death unless and until the Commissioner has pursued and exhausted his remedies against the executor.

The solution of this controversy rests upon an examination of section 827 (b) in the light of its affiliated sections and of its wording. Section 822 (b) of the code provides that tax imposed by this subchapter shall be paid by the executor to the collector. Then follow a number of sections setting forth the remedies available to the Commissioner in the event the executor does not pay the tax as directed. Section 826 (a)[2] provides that if the executor fails to pay estate tax when due the collector shall "proceed to collect the tax under the provisions of general law" or by judicial proceedings the Commissioner may subject the assets of the estate to sales under judgment or decree of the court. Section 827 (a)[3] provides that, if the tax is not paid by the executor, the assets of the estate shall be subject to a lien for unpaid taxes for a period of ten years.

Finally, section 827 (b) provides that, if the executor fails to pay the tax when due, then the Commissioner may proceed personally against "the spouse, transferee, trustee, surviving tenant," appointee, appointor, or beneficiary, "who receives, or has on the date of the decedent's death, property included in the gross estate under section 811 (b), (c), (d), (e), (f), or (g), to the extent of the value, at the time of decedent's death, of such property." Section 827 (b) became law as section 411 of the Revenue Act of 1942. That act also defined the word "transferee" as used in section 827 (b) to include heir, legatee, devisee, and distributee. In none of the above sections is the power of the Commissioner to proceed in any way affected by the *cause* of the failure of the executor to pay the tax when due. None of the sections say that the Commissioner may proceed against the transferred assets, or personally against the various transferees thereof, only when the executor is unable to pay. The only statutory requirement authorizing action by the Commissioner is for the tax not to be paid when due by the executor.

---

[2] SEC. 826. COLLECTION OF UNPAID TAX.

(a) SALE OF PROPERTY.—If the tax herein imposed is not paid on or before the due date thereof the collector shall, upon instruction from the Commissioner, proceed to collect the tax under the provisions of general law: or appropriate proceedings may be commenced in any court of the United States having jurisdiction, in the name of the United States, to subject the property of the decedent to be sold under the judgment or decree of the court. * * *

[3] SEC. 827. LIEN FOR TAX.

(a) UPON GROSS ESTATE.—Unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien. If the Commissioner is satisfied that the tax liability of an estate has been fully discharged or provided for, he may, under regulations prescribed by him with the approval of the Secretary, issue his certificate, releasing any or all property of such estate from the lien herein imposed.

The petitioner argues that the statement in section 826 (b) of the code,[4] that it is "the purpose and intent of this subchapter that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution," requires the Commissioner "to secure the payment of the tax out of the estate before its distribution." We are unable to perceive that this section imposes any obligation upon the Commissioner whatsoever. It covers a situation where, if one of the recipients of the assets of the estate pays the estate tax, he may either collect it from the undistributed assets in the hands of the executor or enforce contributions from the other recipients in proportion to their receipts. Section 826 (b) is obviously designed to permit "any person other than the executor," be he or she spouse, transferee, heir, legatee, devisee, distributee, trustee, surviving tenant, appointee, or beneficiary, who pays more than his or her share of the estate tax, to enforce contributions from the other recipients of the assets of the estate, or to proceed against the assets remaining in the hands of the executor for recompense. Such a provision is equitable and necessary because, under sections 826 (a), 827 (a), 827 (b), and 827 (c),[5] the Commissioner is given broad and unhampered powers to proceed to collect the tax under the provisions of general law, subject the assets to a ten-year lien, or to obtain personal judgments against those who have received assets from the estate on which the estate tax has not been paid. If the Commissioner were required first to exhaust his remedies against the assets in the hands of the executor before proceeding against the recipients personally, then the provisions of section 826 (b) which authorize such recipients who are forced to pay the tax to procure "reimbursement out of any part of the estate still undistributed" would be nonsense, because there would be no such undistributed assets. The clear implication of section 826 (b) therefore is that, when the Commissioner forces the trans-

---

[4] SEC. 826. COLLECTION OF UNPAID TAX.

    \*        \*        \*        \*        \*        \*        \*

    (b) REIMBURSEMENT OUT OF ESTATE.—If the tax or any part thereof is paid by, or collected out of that part of the estate passing to or in the possession of, any person other than the executor in his capacity as such, such person shall be entitled to reimbursement out of any part of the estate still undistributed or by a just and equitable contribution by the persons whose interest in the estate of the decedent would have been reduced if the tax had been paid before the distribution of the estate or whose interest is subject to equal or prior liability for the payment of taxes, debts, or other charges against the estate, it being the purpose and intent of this subchapter that so far as is practicable and unless otherwise directed by the will of the decedent the tax shall be paid out of the estate before its distribution.

[5] SEC. 827. LIEN FOR TAX.

    \*        \*        \*        \*        \*        \*        \*

    (c) CONTINUANCE AFTER DISCHARGE OF EXECUTOR.—The provisions of section 825 shall not operate as a release of any part of the gross estate from the lien for any deficiency that may thereafter be determined to be due, unless the title to such part of the gross estate has passed to a bona fide purchaser for value, in which case such part shall not be subject to a lien or to any claim or demand for any such deficiency, but the lien shall attach to the consideration received from such purchaser by the heirs, legatees, devisees, or distributees.

feree to pay the estate tax, there may well be assets in the hands of the executor against which the transferee may proceed. It is to be noted that this section refers to "any person other than the executor" and does not, therefore, exclude transferees.

Therefore, it appears to us that, instead of section 826 (b) supporting petitioner's inference that the Commissioner is obligated to exhaust the assets of the estate before collecting against the transferees, said section, when considered with its cognate sections, actually supports an inference that the Commissioner is authorized to collect the tax from any person he finds presently in possession of untaxed estate assets or from any person who has received and has disposed of such assets, and he is not hampered by the equitable rules ordinarily inherent in imposing transferee liability.

Petitioner herein relies upon *Florence McCall*, 26 B. T. A. 292; and *Alex Harjo*, 34 B. T. A. 467. In both of these cases the Commissioner sought to collect an estate tax from a transferee without showing that the executor had no estate assets and was personally insolvent. In both cases the Court *assumed* without apparent argument from the Commissioner that the transferees of said assets under the statutes then in force were not subject to liability until all efforts to collect from the executor had proved futile.

It is not necessary at this time to discuss this assumption. The decisions were based upon section 316 of the Revenue Act of 1926, which was the predecessor of section 900 of the Internal Revenue Code, which is confined to delineating the liabilities of transferees. In the two cited cases the opinions contain no discussion of sections 314 and 315 of the Revenue Act of 1926, which were the predecessors of the sections of the code relied upon by the Commissioner herein. In short, in the cited cases the whole question of law that is now before this Court was not then considered.

In *Evelyn N. Moore*, 1 T. C. 14; affd., 146 Fed. (2d) 824, the taxpayer's husband made gifts to the taxpayer in 1935 and paid a gift tax thereon. The Commissioner subsequently determined that gifts made by the husband in years prior to 1935 had subjected the 1935 gifts to a higher tax rate than was reported and paid. Thereupon a deficiency was determined and, without proceeding against the donor or showing him to be insolvent, a notice was served on the taxpayer donee. In that case the Court said:

The petitioner points out that the donor was at all times solvent and able to pay all that was due from him, but the Commissioner failed to pursue his remedies against the donor within the time allowed by the statute. She, therefore, contends that there is no basis for holding her liable as a transferee. * * * This argument is based upon the erroneous assumption that the transferee liability which the Commissioner is asserting is based upon some equitable ground, sometimes described as the "trust fund" theory of transferee liability. But the Commissioner does not rely upon any equitable principles to show that

this petitioner is liable as a transferee. Instead, he relies upon the following express statutory provision which is found in section 510 of the Revenue Act of 1932:

LIEN FOR TAX

The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift.

The above provision does not require, as a condition precedent to personal liability on the part of the donee, that the Commissioner first pursue his remedy against the donor, or that the gift itself render the donor insolvent and unable to pay the tax.

Petitioner in its brief attempts to distinguish the *Moore* case from the one at bar because "there is no provision in the gift tax provisions, as there is in the estate tax, to the effect that payment of the tax so far as practicable and unless otherwise directed, by the transferor shall be paid by the latter out of his estate before its distribution."

As we have pointed out above, the provisions of section 826 (b) to which petitioner's brief alludes impose no more obligation on the Commissioner in collecting from the transferee in estate tax cases than in those cases involving gift taxes. Section 510 of the Revenue Act of 1932 (pertinently quoted in *Evelyn N. Moore, supra*), now section 1009 of the code, in its essential provisions is substantially identical with section 827 (a) and (b), which is before us. Adopting the reasoning of the *Moore* case, we conclude that the Commissioner did not err in determining the deficiency herein.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

VAN FOSSAN, *J.*, dissenting: It is my judgment that this case is not distinguishable from *Florence McCall*, 26 B. T. A. 292, and other cases decided by this Court. Certain I am that in the *McCall* case we did not "assume" without argument "that the transferees of said assets under the statutes then in force were not subject to liability until all efforts to collect from the executor had proved futile." That holding was basic in the cited case and was buttressed with ample and well recognized authority. The slight variation in the language of the present statute from that then in force is not sufficient to justify a departure from the rule there laid down. Nor can I agree that "in the cited cases the whole question of law that is now before this Court was not then considered," as stated in the prevailing opinion.

Being of the opinion that the holding of the majority is at once faulty in its logic and contrary to well settled law, I dissent.

OPPER, *J.*, agrees with this dissent.