293 A.2d 924.

INDUSTRIAL NATIONAL BANK OF RHODE ISLAND *et al. vs.*
JOHN B. BENNETT, JR. *et al.*

JULY 28, 1972.

PRESENT: Roberts, C. J., Paolino, Powers and Kelleher, JJ.

ROBERTS, C. J.   This is a petition for construction of the
will of the late Mildred S. Bennett under G. L. 1956 (1969
Reenactment) §9-24-28.   The matter was certified to this

court as ready for final judgment by order of the Superior Court entered March 16, 1971. The testatrix died on June 14, 1969. Her husband, J. Bamford Bennett, had died on July 25, 1952.

Under his will, J. Bamford Bennett created a marital deduction trust with the income payable to his wife for her life and with power of appointment in her over the remainder. Mrs. Bennett specifically declined to exercise her power of appointment over the corpus of the marital deduction trust, and upon her death the proceeds of that trust were paid over, as Mr. Bennett had directed, to the trustees of the residuary trust created under his will. Under his residuary trust, Mrs. Bennett received the income for life, and upon her death the corpus was divided into as many equal shares as there were children of his then living. Each of Bennett's children except his son, John B. Bennett, Jr., received the income from his or her share until age 30, when one half of the share was paid over; the other half was payable at age 35. The share attributable to John B. Bennett, Jr., is held in trust for his children, who receive the income of the trust during their father's lifetime and upon his death will receive equal shares of the corpus when they reach 21 years.

By her will, Mrs. Bennett created a residuary trust which was divided into as many equal shares as she had children surviving her. A share is to be paid immediately to each child except the share attributable to her son, John B. Bennett, Jr., whose share is held in trust with income to him for life and, upon his death, the remainder to pass to his children in equal shares.

Under §2041(a)(2) of the Internal Revenue Code of 1954 the value of the marital deduction trust created under the will of J. Bamford Bennett and over which Mrs. Bennett had a general power of appointment is includable in her taxable estate regardless of whether or not she exer-

cised that power. While the Internal Revenue Code of 1954 establishes the assessment and collection of the tax, the law of this state governs who ultimately bears the burden of the tax. *Hooker* v. *Drayton*, 69 R. I. 290, 33 A.2d 206 (1943). If Mrs. Bennett's estate bears the tax, the residuary trust under her will is reduced, whereas if the marital deduction trust bears the tax, the residuary trust under J. Bamford Bennett's will is reduced.

John B. Bennett, Jr., and his children are the only beneficiaries under either will whose interests are affected by this question. Since all of the other children of J. Bamford Bennett and his wife take equal shares under the residuary trusts of both parents' wills, it makes no difference to them against which trust the tax is assessed. However, John B. Bennett, Jr., has a life interest in an equal share of the residuary trust under his mother's will but no interest in the residuary trust under his father's will. Therefore, if the tax is assessed against the residuary trust under his mother's will, his life interest in the income from that trust would be reduced. The children of John B. Bennett, Jr., will receive less if the marital deduction trust bears the tax because they have both a life and remainder interest in the residuary trust under the will of J. Bamford Bennett but only have a remainder interest in the trust under Mrs. Bennett's will.

It is well established in the law of this state that the testatrix's intention governs which portion of her estate will bear the burden of the federal estate tax. *Industrial Trust Co.* v. *Budlong*, 77 R. I. 428, 76 A.2d 600 (1950). This court has held further that in the absence of a contrary direction from the testator, the burden of all charges and tax obligations falls on the residue of the estate. However this rule is applicable only with regard to the "true" estate of the testator, and under the law of this state "* * * property which is transmitted by a testator in the exercise

of a power granted to him by another to appoint by will is neither in law nor in fact a part of the testator's estate." *Hooker* v. *Drayton, supra,* at 295, 33 A.2d at 209. The federal tax code does not make property appointed under a general power a part of the decedent donee's estate but merely includes such property in the estate of the decedent for the purposes of assessing and collecting the tax on that property. *Hooker* v. *Drayton, supra,* at 294, 33 A.2d at 209. Therefore, the *Hooker* court concluded that in the absence of a clearly expressed intent to the contrary any property which passes under a general power of appointment shall itself bear the burden of any tax assessed against it.

In *Hooker* and subsequent cases this court has been asked to interpret the so-called tax clause of various wills where non-probate assets were involved to ascertain the testator's intent. In *Hooker,* the testator made specific reference only to property passing under his will, and the court concluded that the assessed tax should be apportioned between his residuary estate and the trust estate which passed by the exercise of the power of appointment. A similar result was reached in *Union Trust Co.* v. *Watson,* 76 R. I. 223, 229, 68 A.2d 916, 919 (1949), where the testator simply directed his executors to pay the expenses of the administration of his "estate" including all taxes occasioned by his death and made no specific reference to property passing under an insurance trust agreement. *See also Boyd* v. *Jordan,* 92 R. I. 232, 168 A.2d 286 (1961); *Industrial Trust Co.* v. *Budlong, supra.*

However, this court has recognized instances more recently where the express intention of the testator is to avoid apportionment of assessed taxes. In *Kershaw* v. *Kershaw,* 84 R. I. 429, 125 A.2d 126 (1956), where this court was asked to ascertain the intention of a testator who had provided that " '* * * all legacy, inheritance, estate and all

other taxes due from my estate * * *' " should be borne
by the residue, we held that this expression clearly indi-
cated an intention that the residuary estate bear the bur-
den of all taxes assessed upon the testator's estate regard-
less of whether the property was part of the true estate.
We explained further in *Industrial National Bank* v. *Bar-
rett*, 101 R. I. 89, 102, 220 A.2d 517, 525 (1966), that a de-
cedent may relieve nonprobate taxable assets from their
proportionate shares of the burden of death taxes simply
by providing, for example, that the residuary estate should
bear the burden of any such taxes upon property which
must be included in the taxable estate without regard to
whether or not that property passes under the will.

In view of the authority set forth above, it is clear that
Mrs. Bennett intended that the residuary trust established
under her will bear the burden of all estate taxes, including
the trust proceeds includable in her taxable estate by way
of a general power of appointment over that property.
The first clause of Mrs. Bennett's will provided:

> "I direct my executors hereinafter named to pay my
> just debts, funeral expenses, all proper expenses inci-
> dental to the administration of my estate and all es-
> tate, inheritance, legacy, succession or transfer taxes
> imposed by reason of my decease upon my estate or
> in respect to any interest therein, or upon or in respect
> to any property, including jointly held property, which
> shall not come into possession of my executors, to the
> end (without limiting the generality of the foregoing)
> that all devisees, legatees and beneficiaries hereinafter
> named, or otherwise, and beneficiaries of insurance or
> other contracts with insurance companies may receive
> their respective interests without diminution by rea-
> son of any of said taxes, except as the residue of my
> estate may be thereby reduced."

The language expressly directs her executors to pay all
taxes imposed upon her estate by reason of her "decease."
This is essentially the same language which we held con-
stituted a "clear, unambiguous and comprehensive direc-

tion" by the testator in *Kershaw, supra,* to pay all taxes without regard to the probate nature of the property. However, Mrs. Bennett's intention is even more clearly set forth. Her will provides that her executors should pay any taxes occasioned by her death upon or in respect to any property, including jointly held property, which shall not come into possession of her executors. This language certainly embraces the property interest held by the testatrix under a general power of appointment.

We cannot agree with the contention of the respondent, John B. Bennett, Jr., that this clause must include a specific reference to property which passes under a general power of appointment in order to avoid apportionment. Both the *Kershaw* and *Barrett* cases, *supra,* reach a contrary result provided, of course, that this particular type of property is included within a more general reference. Neither can we agree with his suggestion that a specific reference to jointly held property is a strict limitation on the testatrix's intention to include the burden of taxation of nonprobate property within the residuary trust created under her will. A careful reading of the clause clearly indicates that this specific reference to jointly held property is not intended to limit the generality of the clause. Therefore, we must conclude that the testatrix clearly intended to impose the burden of taxation assessed on all of her estate, including that property over which she held a power of appointment, upon the residuary trust created under her will.

The parties may present to this court for approval a form of judgment in accordance with this opinion, which will be entered in the Superior Court.

Mr. Justice Joslin did not participate.

454·

*Hinckley, Allen, Salisbury & Parsons, Woodworth L. Carpenter, George M. Vetter, Jr.,* for plaintiffs.

*Dick & Carty, William F. Hague, Jr.,* for defendants; *Tillinghast, Collins & Graham, Joachim A. Weissfeld, Richard Jessup, Jr.,* Guardians Ad Litem.