OLD COLONY TRUST COMPANY, trustee, *vs.* PRESTON H. GARDNER & another, executors, & others.

Suffolk. March 29, 1928.— May 29, 1928.

Present: RUGG, C.J., BRALEY, WAIT, & SANDERSON, JJ.

*Devise and Legacy*, Residuary clause. *Trust*, Revocation.

During his lifetime, a testator created three trust funds, the income of which was to be paid to him during his life and after his death to certain charities, reserving in each declaration of trust the right to revoke it by his will. In his will a legacy was given to the beneficiary under one of the trust funds, and a legacy was given to the trustee of another of the trust funds to be added to it. No reference was made to the first or third trusts by the will, which contained no revocation of the trusts unless it were found in the words of the residuary clause: "I give, devise and bequeath all the rest and residue of the property, real and personal, over which I have any power of testamentary disposition at the time of my decease . . . ." On a bill in equity for instructions by one of the trustees, it appeared that the will did not mention the specific property held by the trustee. *Held*, that

(1) The testator had no power of testamentary disposition over any of the property held in trust until the trusts were revoked;

(2) Nothing in the will showed an exercise of the power of revocation reserved by the testator;

(3) The residuary clause applied to the testator's own property;

(4) The trustee was instructed to continue to hold the funds under the declaration of trust.

BILL IN EQUITY for instructions, filed in the Supreme Judicial Court for the county of Suffolk on January 25, 1928, and afterwards amended, by the trustee of two trust funds created during her lifetime by Emma L. Borden, late of Fall River.

Material facts, and portions of the trust instruments and of the will and codicil of Emma L. Borden are stated in the opinion. The plaintiff sought instructions whether the declarations of trust were revoked by the will and codicil and whether it should continue to hold the trust funds under the trusts or pay them over to the executors of the will. The suit was reserved by *Wait*, J., upon the bill, answers and an agreed statement of facts for determination by the full court.

The case was submitted on briefs.

*L. E. Wood & W. E. Fuller*, for Preston H. Gardner and another, executors.

*R. Gray*, for Animal Rescue League of Boston.

*C. P. Bartlett*, for Animal Rescue League of Fall River.

SANDERSON, J. In November, 1912, Emma L. Borden gave a sum of money to the Old Colony Trust Company as trustee, with directions to pay the income to her during her life and, after her death, to hold the property and any accumulation of income which should not have been actually paid to her during her life in trust, and to pay the income to the Animal Rescue League of Boston. In this declaration she reserved the power by her last will to revoke the trust. In 1915 she paid a further sum to the same trustee upon a similar trust for the benefit of the Animal Rescue League of Fall River, with a like power of revocation. In August, 1919, she gave to the Rhode Island Hospital Trust Company certain Liberty bonds to hold in accordance with the terms of a declaration of trust similar in its provisions to those above mentioned, but for the benefit of the Providence Animal Rescue League. Her will was dated November 20, 1920, and a codicil thereto was dated June 22, 1922; one of the pecuniary legacies was to the Animal Rescue League of Fall River, and there is nothing in the will or circumstances to indicate that this legacy was intended to be in substitution for the gift in trust for its benefit made during her life.

Another legacy was to the Rhode Island Hospital Trust Company, to be added to the trust fund above referred to for the benefit of the Providence Animal Rescue League and to be subject to all of the provisions of that trust. Neither the will nor codicil referred to the trust established by her for the Animal Rescue League of Fall River, and no reference was made to the Animal Rescue League of Boston or to any trust for it. The residuary clause begins with the words "I give, devise and bequeath all the rest and residue of the property, real and personal, over which I have any power of testamentary disposition at the time of my decease . . . ." The will contained no revocation of the declarations of trust unless the words above quoted are a revocation. It did not refer to or undertake to dispose of the specific trust property held by the plaintiff, who brings this bill in equity for instructions as trustee under two of the declarations of trust. See *In re Brace*, [1891] 2 Ch. 671, 675.

The declarations of trust were valid and created vested rights in the beneficiaries until revoked. The animal rescue leagues were not to receive the income of the trust funds until the death of the testatrix. There is no expression in the will and no fact stated in the record to indicate that she desired to deprive them of the benefits which would accrue under the declarations of trust. Her purpose seems to have been to do more for them. If the words in the residuary clause, "all . . . property . . . over which I have any power of testamentary disposition," are given their natural meaning, they do not revoke the trusts declared by the testatrix. She had no power of testamentary disposition over any of the property held in trust until the trusts were revoked. Courts have held in many cases that a general residuary clause includes any estate of which the testator has a general power of appointment unless a contrary intention is disclosed by the will. But in the case at bar the appointment had already been made by the declaration of trust, and the power reserved was one of revocation only. Until a trust is revoked, no new appointment or gift can be made, and language which would readily indicate an intention to appoint would not indicate an intention to revoke. "A power

of revocation is not a power of appointment, but is a power the exercise of which is a condition precedent to the exercise of the power of appointment." *In re Thursby's Settlement,* [1910] 2 Ch. 181, 186. Without intimating whether or not the doctrine stated in *In re Barker's Settlement,* [1920] 1 Ch. 527, would be followed in this jurisdiction, we are of opinion that that case is distinguishable in its facts from the present case. The general disposition by the testatrix of her property did not indicate that she intended to exercise a power of revocation, and when all the terms of the will and codicil are considered we cannot find that the trusts were revoked. The language of the residuary clause is satisfied by applying it to the testatrix's own property.

The plaintiff is instructed that it is its duty as trustee under the declarations of trust to continue to hold the funds upon the trusts declared therein.

*Ordered accordingly.*