In the Matter of the Estate of THOMAS ADAMS, Deceased.

Surrogate's Court, New York County, January 12, 1929.

*Stewart & Shearer*, for accounting executors, trustee and petitioners.

O'BRIEN, S.   The testator on *October 11, 1924,* executed a trust deed of a part of his property, the provisions of which directed the trustee to pay the income to him during his life, which provisions so far as material to the question of construction presented in this accounting proceeding, are as follows:

" To hold and manage the same; to collect and receive the dividends, interest, income and profits thereof and, after deducting all proper charges and expenses in the premises;

" To pay the said net dividends, interest, income and profits therefrom to the party of the first part in quarterly installments during his natural life;

" Upon the death of the party of the first part to pay said net dividends, interest, income and profits to said ELIZABETH FLOOD in quarterly installments during her natural life and so long as she may remain unmarried;

" And upon the death of said ELIZABETH FLOOD, or her earlier marriage, the said trust shall terminate and the said shares of stock together with all unpaid interest, income, profits and dividends thereon shall become part of the estate of the party of the first part, and be paid and delivered to his legal representatives or assigns."

On *December 30, 1925,* the settlor of this trust married said Elizabeth Flood and on *March 10, 1926,* executed a will giving to her all his tangible personal property and one-third of his residuary estate. In the deed of trust he reserved to himself (by an instrument in writing duly executed) the right at any time during his life to revoke said trust deed, but no revocation was ever executed by him. In this executor's accounting the questions are raised whether or not the trust created under the trust deed of October 11, 1924, still continues or whether it has been rendered null and void by testator's marriage to Elizabeth Flood subsequently to the execution of such trust deed, and whether it has been superseded by his will also executed subsequently thereto. As to the first question, I hold that the trust was continued after testator's death for the reason that at that time Elizabeth Flood was unmarried in that she then became a widow and thus was not ineligible to become the beneficiary of the trust. As to the second question, I hold that the trust deed was not rendered null and void by the marriage of Elizabeth Flood to testator, the settlor of the trust, for the reason that the language in the trust deed, viz., " and so long as she may remain unmarried " and " or her earlier marriage " were manifestly not intended to refer to a marriage between her and the settlor of the trust, but to some other person. I think it has been universally recognized that provisions in wills and trust deeds invariably refer to marriages contracted with persons other than testators and settlors unless express and specific terms are used indicating a different purpose or intention. As to the third question, I find no reason to hold that the provisions of the trust deed for Elizabeth Flood were superseded by the provision for her in testator's will; on the contrary, there is this significant fact that while he reserved to himself the power to revoke the trust deed he never did exercise the power. I conclude that he intended to have the trust deed continued with full force and effect notwithstanding the provision in her favor in his will. Submit decree settling the account accordingly.