THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, etc., Plaintiff, *v.* MARGARET PITOU TOMAGNO and Others, Defendants.

Supreme Court, Special Term, New York County, May 27, 1939.

*Milbank, Tweed & Hope,* for the plaintiff.

*Abner J. Rubine [Henry E. Alexander* and *Robert Judd* of counsel], for the defendants Augustus Pitou, Sr., Margaret P. Tomagno and Augustus Pitou, Jr.

*Leigh H. Lydecker,* for the defendant Herbert A. Morgan.

SHIENTAG, J. Margaret J. Pitou executed and delivered to The Chase National Bank an indenture of trust, making provision for the distribution of part of her estate among several named beneficiaries. Article seventh of the trust indenture reserved to the settlor the right to revoke the agreement absolutely at any time or to revoke it in part or to withdraw a part of the fund from time to time, to modify the agreement and the trust created in any manner that she saw fit at any time, to change the beneficiaries by leaving out any beneficiary or adding new ones, and to change the interest of any beneficiary in her discretion. The article then provided that " any such revocation, withdrawal, change or modification shall be accomplished by a written notice filed with the Trustee executed by the Settlor and no other person shall be entitled to any notice thereof, and every right created thereby is subject to the foregoing reserved powers."

Thereafter the settlor made several modifications of the trust, each of which was accomplished in the method provided for in the clause just quoted.

By her last will and testament Margaret J. Pitou, after providing for specific legacies totaling $3,800, divided the residuary estate into two funds, designated Fund A and Fund B. The former was divided into three equal shares, one for Margaret Pitou Tomagno, one for Augustus Pitou, Jr., and the third for Dorothy Pitou Shanahan; the latter was also divided into three equal shares, one for Ruth Beury, one for Wilhelmina Wolf Cregar, and the third for Herbert A. Morgan.

The question presented for determination is whether or not Herbert A. Morgan is entitled to a one-sixth distribution of the trust fund. He claims that the will was a valid modification of the trust indenture and that he was substituted in place of Augustus Pitou, Sr., who was named in the said trust indenture as a beneficiary of a one-sixth share. The other defendants, however, argue that the will did not modify the trust indenture. The plaintiff takes a neutral position but submits that Margaret J. Pitou by her will did not revoke the provision for Augustus Pitou, Sr.

1. When the will was delivered to the bank, no notice or covering letter was transmitted. The settlor did not retain a general testamentary power of disposition. The trust indenture does not

specifically provide whether these powers of modification must be exercised during the lifetime of the settlor or whether they may be exercised by her will. However, the indenture provides that the powers reserved shall be exercised by filing with the trustee a written notice of the revocation, modification or change. In such circumstances it seems clear that the settlor intended that the power should be exercised only during her lifetime. The trust agreement was carefully drawn and it covered in considerable detail all of the contingencies which might arise. Had the settlor been desirous of retaining the right to exercise the reserved powers by her last will and testament, it would have been the natural and appropriate thing so to specify. This she failed to do and her intention is unmistakably drawn from a consideration of the entire instrument.

There is nothing in sections 165 and 170 of the Real Property Law which can be construed to give force to the contention of Morgan that the settlor of the trust properly revoked a portion of it by her last will and testament. Those sections merely deal with formalities which must be followed in executing any power, either *inter vivos* or testamentary. (*Irving Bank-Columbia Trust Co.* v. *Rowe*, 213 App. Div. 281; affd., 241 N. Y. 564; *Mayer* v. *Tucker*, 102 N. J. Eq. 524; 141 A. 799; *Matter of Adams*, 133 Misc. 552; *Broga* v. *Rome Trust Co.*, 151 id. 641.)

I conclude that a trust indenture which provides that a power of revocation and modification may only be exercised by giving written notice to the trustee is evidence of the settlor's intention that such power of revocation and modification may only be exercised during the lifetime of the settlor. (Restatement, Trusts, § 330, comment j; *Broga* v. *Rome Trust Co.*, *supra; Kelley* v. *Snow*, 185 Mass. 288; 70 N. E. 89.)

2. Assuming that the settlor retained the testamentary power to revoke and modify the trust indenture, it was not validly exercised by her will. (Restatement, Trusts, § 330, comment j; *Matter of Thursby*, L. R. [1910] 2 Ch. 181; *Old Colony Trust Co.* v. *Gardner*, 264 Mass. 68; 161 N. E. 801.) The general residuary clause in the will disposing of all the residue of the property of the settlor or all the property for which she has a power of appointment is not an exercise of that power.

3. A proportionate share of the estate taxes, computed pursuant to the provisions of section 124 of the Decedent Estate Law, should be paid out of the principal of the trust. A provision in a will that all taxes be paid out of the residuary or general estate applies only to property passing under the will unless it specifically refers to other property, and has no effect upon *inter vivos* dispositions,

which for one reason or another are drawn into the gross estate for tax purposes. (*Farmers' Loan & Trust Co.* v. *Winthrop*, 207 App. Div. 356, 373; affd., 238 N. Y. 477, 488; *Matter of Kaufman*, 170 Misc. 436. See, also, *Matter of Rogers*, 249 App. Div. 238.)

Settle judgment on notice.