Irving H. Satpol, J.
This application (Civ. Prac. Act, art. 79) is hy inter vivos indenture trustees for settlement of their intermediate accounts and for incidental construction. The answers raise issues concerning the requested construction and one respondent questions the trustees ’ commissions.
Three people are involved, Florence R. White, her daughter Dorothy M. Stehlin (Dorothy White) and her son Stamford White. The special guardian represents issue of the son, vested and contingent. Their interests are remainders after their parent’s life tenancy.
*646 Mrs. White created the trust for herself as life tenant in 1931. She made her will in 1954 and in the same year she made the tenth and last amendment to the trust. In 1956 she died at the age of 94. In 1942 Mrs. White and her children created a Chicago real estate trust which by its terms and subsequent events is now terminated and the corpus is available for equal distribution to Dorothy and Stamford. That, however, is held in suspense depending upon this construction because in 1948 Stamford borrowed $30,000 from his mother for 10 years on his promissory note and on their agreements providing for payment of principal and interest of the debt from his interest in the Chicago trust. At the same time he assigned that interest to his mother as collateral security .for the loan. The assignment by its terms ran to her assigns. Shortly after the mother had made the loan with her check, she turned over the note to this inter vivos trust, at the same time withdrawing $30,000 of securities but she never assigned the collateral security in the form of the assignment of the Chicago interest. In the intervening years the principal debt has been reduced by payment from the Chicago trust to Mrs. WOhite who in turn paid it to this trust so that it stands at $14,778.41.
In her 1954 will, Mrs. White forgave her children’s debts ‘ ‘ whether evidenced by notes or otherwise, which may be due and Owing to me at the time of my death ”. At her death in 1956, these amounted to $180,097.94 of Dorothy’s and $180,206.67 of Stamford’s.
The trustees, professing disinterestedness, standing between son and daughter, ask whether or not the balance of Stamford’s $30,000 loan is forgiven by the will. The son contends for forgiveness of the balance of his debt which is evidenced by the note held by this trust together with delivery to him of the collateral security in the form of his assignment to his mother of his interest in the Chicago trust. He argues that the equal treatment by their mother of himself and sister, in forgiving their indebtedness to her estate of $180,000 each is evidence of his mother’s intention, overlooked by her in direct expression, to forgive this much lesser debt balance. The daughter, on the other hand, argues the other way- — -that this trust retains this chose and it is unforgiven because it was not Mrs. White’s to forgive since it was not her property, but that of this trust. The daughter argues further that the reserved power of amendment of the trust, even though referred to in other aspects in the will and in the indenture, was extinguished on Mrs. White’s death.
*647 Looking now to the scheme of distribution of the trust corpus on the settlor-mother’s death, half outright is Dorothy’s, but the other half is further entrusted for Stamford for his life and thereafter the principal is for his issue, per stirpes. Practically, according to Stamford’s contention, the balance of his debt, now about $15,000, to the trust was forgiven by his mother’s will. He is entitled to the assignment of his interest in the Chicago trust and this trust has no interest in the balance there. His sister’s side, however, is that the approximately $15,000 should be paid into this trust to extinguish the debt which she argues was not forgiven because it could not be by the will. Her distributive one-half share of the trust corpus is increased by $7,500. Of course, the other half entrusted for Stamford’s life and for his issue is also increased by about $7,500.
The intent of the testatrix when she made her will on September 17, 1954, is to be ascertained from the will as a whole. Her trust became the owner of the chose from the time her son assigned the note to her and she in turn delivered it to her trust. Although she made the loan with her check, shortly thereafter assigning the note to the trust, she withdrew an equal amount of trust principal in securities. In the interval between the loan in 1948 and her death in 1956, payments of principal and interest to her from the Chicago trust on account of the loan were at once paid over by her to this trust. The provisions of the will are clear. In those circumstances there is no scope for working in an intent operating indirectly to forgive an indebtedness which was not to her. The testamentary words describing debts “ due and owing to me ” (at the time of death, as of which the will speaks [Matter of Corigliano, 9 Misc 2d 847]) are ineffectual to forgive the debt owing to this trust. In the circumstances here to direct forgiveness of the debt to the trust would require a choice of words or evidence of an intention, of which there is none, to make a testamentary gift to the trust as payment of Stamford’s debt balance. Nor is it tenable that the reserved powers to amend the trust which were liberally exercised are indicative in some way when considered together with the expressed equal testamentary debt forgiveness of brother and sister of evidence of an intent to forgive this trust debt. That reserved power to amend in lifetime ended on the settlor’s death (3 Scott, Trusts, §§ 330.8, 331; Chase Nat, Bank v. Tomagno, 172 Mise, 63; Old Colony Trust Co. v. Gardner, 264 Mass. 68). I find that the debt belongs to the trust, that the will did not operate to forgive it, and that the assignment of the Chicago interest of *648 Stamford should be delivered to these trustees as the collateral security.
There is no merit to Dorothy’s objections to the commissions of the trustees and they are overruled.
The compensation of the attorneys for the trustees, to which no objection is interposed, is fixed and allowed as requested and that of the special guardian will be in the amount approved by the trustees. The attorneys for respondents Dorothy and Stamford are in a different category. Their compensation is specifically to be allowed in discretion on the authority of section 1514-a of the Civil Practice Act for their services on the construction. The result of this decision will bring $7,500 into the trust for Stamford’s benefit. The lawyer for Dorothy is allowed $1,500 and Stamford’s lawyer is allowed $750 payable out of the continuing trust.
The application is granted and the account is approved.
Let a supplemental showing be made bringing the account up to date.
Settle order.