Henry Clay Greenberg, J.
On September 28, 1948, Happie Bedford Lachlan, then married to Bruce Stewart Lachlan (also referred to in the papers as Bruce S. Lachlan and Bruce Lachlan, Jr.), as grantor, entered into a trust agreement with the Chase National Bank of the City of New York, now the Chase Manhattan Bank, as trustee, by which she transferred property to the trustee, and directed that it pay the net income thereof to her for life and 6 ‘ after her death, if her husband, Bruce Stewart Lachlan, survives her, pay the net income of the trust to Grantor’s said husband during his life ”.
The grantor and Bruce Stewart Lachlan were duly divorced by decree of the Circuit Court, County of Marion, Alabama, on October 24, 1955. The grantor died on June 1, 1958, a resident of Suffolk County, and her will dated October 8, 1955, *325 has been admitted to probate in the Surrogate’s Court of that county. She is survived by Bruce Stewart Lachlan, her former husband. The present controversy stems from the divorce.
Before considering the merits of this controversy, it becomes necessary to unravel the procedural intricacies in which the parties have become embroiled. Two proceedings are before the court: the first instituted by order to show cause made July 23, 1959 on the petition of Herbert A. Bedford, the executor under the will of the grantor, and of Patricia Ladew, the grantor’s daughter and the sole legatee under her will, and the second begun by order to show cause of July 24, 1959 on the petition of the trustee. The former directs the trustee to show cause why it should not be required to account, though the petition itself seems rather to pray for a construction; the latter order asks for dismissal of the Bedford-Ladew petition and also for a construction. Lachlan has also moved to dismiss the Bedford-Ladew petition, and the Bedford-Ladew interests have countered with a motion to dismiss the trustee’s petition. In view of the disposition to be made of these motions to dismiss, no fruitful purpose will be served by discussing the various contentions made. It is enough to state what the court regards as the basic ground of challenge of each petition. The Bedford-Ladew proceeding is asserted to be jurisdictionaily defective for failure to make Joelle Kennedy, the infant daughter of Patricia Ladew, a party; the trustee’s proceeding is attacked because of the prior pendency of the Bedford-Ladew proceeding.
Subdivision (b) of section 1311 of the Civil Practice Act is relied on in justification of the omission of Joelle Kennedy as a party. This section, so far as here applicable, declares in substance that when an interest in a trust has been limited to a person who is a party and the same interest has been further limited upon the happening of a future event to the issue of such party, it shall not be necessary to make such issue a party to the proceeding. It seems self-evident that, despite its broad language, the section was not intended to dispense with the presence as a party of issue when the interest of the issue is adverse to that of the ancestor. When such adversity exists, the issue is a necessary party. (See Matter of Childs, 129 N. Y. S. 2d 830; Matter of Blake, 208 Misc. 22.) In this case, as will appear from the terms of the trust agreement to be quoted later, the interest of Joelle Kennedy is clearly adverse to that of her mother, Patricia Ladew. Because of this adversity of interest, Joelle Kennedy is a necessary party and was properly made a party in the trustee’s proceeding in which she is now represented by the court-appointed guardian. Her *326 presence as a party in that proceeding is of itself sufficient ground for denial of the Bedford motion to dismiss it, aside from the fact that the relief sought in the trustee’s proceeding is in some respects more comprehensive than that asked for in the Bedford-Ladew petition. Since the proceedings do not duplicate each other, the pendency of the one does not require dismissal of the other.
On the other hand, the Bedford-Ladew proceeding does seek an accounting by the trustee, relief not directly sought in the trustee’s proceeding, though the trustee expresses its readiness to account as soon as the determination of the construction questions puts it in a position to do so. Since an accounting at that time may well be indicated, the Bedford-Ladew petition should not be dismissed. In the circumstances, the court will follow the practice of the Surrogate’s Court in a somewhat analogous situation, when it has before it a proceeding for a compulsory and one for a voluntary accounting. Accordingly, instead of dismissing either petition, the two proceedings are, under the prayer for further relief, hereby consolidated under the title of the trustee’s proceeding. The Bedford motion to strike various paragraphs from the trustee’s petition is denied in all respects. The objections to the paragraphs in question are for the most part not well taken and, insofar as they have any basis at all, no prejudice is shown.
This brings us to the merits. The grantor reserved the right to revoke the trust by this provision: “ eleventh : The Grantor reserves the right at any time or from time to time without the consent of any person and without notice to any person other than the Trustee, to revoke the trust hereby created in whole or in part and to change the terms or beneficiaries hereof, by filing written notice of such revocation and/or change with the Trustee.”
The grantor’s will of October 8, 1955 executed shortly before her divorce from Lachlan, thus disposes of her estate: ‘ ‘ second : After the payment of my just debts, funeral and administration expenses, all the rest, residue and remainder of my estate, both real and personal, of whatsoever kind and description, and wheresoever situated, of which I may die seized or possessed, or to which I may be in any way entitled at the time of my death, or over which I may have any power of appointment, by will or otherwise, I give, devise and bequeath to my daughter, patricia ladew Kennedy, of New York City, New York, absolutely and forever.”
The underlying contention of the Bedford-Ladew petition is that the will just quoted was an effective exercise by the *327 grantor of the power of revocation reserved in. the trust agreement. In my opinion this contention may not be upheldi The reservation contemplated unmistakable action by the grantor herself during her lifetime. The power Was exercisable “ at any timé or from time to time * * * without notice to any person other than the Trustee * * * by filing" Written notice * * * with the Trustee ”. Clearly what Was here intended was affirmative action by the grantor through written notice addressed by her to the trustee; such action necessarily had to be taken during the grantor’s lifetime, and her' Will, effective only on her death, is not of that character. The language used admits Of no other construction. In Chase National Bank v. Tomagno (172 Misc. 63) where the power to revoke or modify the trust was reserved in terms substantially similar to those in the trust agreement now before the court, it was held that the power could be exercised only during the settlor’s lifetime. (See, also, Scott on Trusts [2d ed.] §§ 330.8, 331; Restatement, Trusts, § 330, comment j.) A general residuary clause in the settlor’s will disposing of all the settlor’s property or that over which she had a power of appointment, very much like the provision in the grantor’s will already quoted, Was further held not to bé a valid exercise of the power to revoke or modify the trust, even if the pOWer had beéfi exercisable by testamentary provision. Nor did the power pass under the grantor’s will; hence it- may not be exercised by her executor or her residuary legatee (Culver v. Title Guar. & Tr. Co., 269 App. Div. 627, 631; same case, 296 N. Y. 74, 77). It follows that the trust remained in full effect at the death of the grantor.
Section 170 Of the Real Property Láw, SO heavily relied ofi by Bedford, does not lead to a contrary conclusion. As pointed Out in Chase National Bank v. Tomagno (172 Misc. 63, supra), which considered the impact of that Section ás Well as section 165, these deal Only With formalities.- Section 170 does not dispense With the essential afid substantive requirement that the revocation, whatever its form, be the act of the grantor during her lifetime. The Tomagno casé was followed very recently On this véry point. (Matter of White, 16 Misc 2d 645.)
Section 18 of the Personal Property Law is wholly inapplicable. Not is there a necessary inconsistency between the continued receipt Of the trust income by the divorced husband, the remainder going to the grantor’s isstie or her sister and brother, and the testamentary gift to her daughter. (See Irving Bank-Columbia Tr. Co. V. Rowe, 213 App. Div. 281, 284-286.) Any inference that the will was intended to revoke *328 the trust would rest on inconclusive action, unrevealed motivation and pure surmise — an insecure basis of judgment. The grantor could easily have revoked the trust by a simple instrument had she wished to do so.
It is not without significance that the grantor did in fact in December 1951 exercise her reserved power by appropriate written notice to the trustee, withdrawing certain subscription warrants from the trust. She thus manifested her awareness of both the reservation and the manner prescribed for its effectual exercise.
The direction for the payment of the income of the trust to Bruce Stewart Lachlan, the grantor’s “husband”, if he survived the grantor, has already been quoted. The trust agreement makes the following provisions for the termination of the trust and the distribution of the corpus on its termination: ‘ ‘ second : This trust shall continue during the lives of Grantor and her husband, Bruce Stewart Lachlan, and on the death of the last survivor of them this trust shall terminate and the Trustee shall thereupon pay over, assign, transfer, set over, and deliver all the principal of the trust to Grantor’s issue her surviving, per stirpes, the issue of any deceased child to take the parent’s share, per stirpes. If on the termination of the trust as herein provided, there be no issue of Grantor then surviving, then Grantor hereby directs the Trustee to pay over the principal of the trust in equal shares to her sister, Gladys Bedford Morgan, and to her brother, Herbert A. Bedford, or the survivor of them, the issue then living of said sister or said brother as be deceased to take the parent’s share, per stirpes; and if said sister and said brother shall both have died leaving no issue then surviving, then Grantor directs the Trustee to pay over the principal of said trust to her father, Charles E. Bedford, or if he be not then living, to his executor or administrator as part of his estate. ’ ’
In reliance on the foregoing references to Bruce Stewart Lachlan as the grantor’s husband, it is argued that, even if the trust was not revoked by the grantor’s will, it nevertheless terminated on her death. It is urged that since he ceased to be the grantor’s husband after the divorce he may not participate in any benefits derived from the trust. There is, however, nothing in the trust agreement which conditions the payment of income to Bruce Stewart Lachlan on his still being married to the grantor at the time of her death. It is well established that the designation of a named individual in such context is merely descriptive and that he does not forfeit his rights under the instrument because the description no .longer fits *329 him. (Matter of Sussdorff, 182 Misc. 69, 72; Matter of Simpson, 155 Misc. 866; Salvin v. Salvin, 165 App. Div. 362; see, also, Matter of Torr, 17 Misc 2d 1063.)
Since the rights of Bruce Stewart Lachlan under the trust agreement are thus not dependent on his status as the grantor’s husband at the time of her death, it follows necessarily that the trust must continue during the life of Bruce Stewart Lachlan, in accordance with its directions, and that so long as he lives he is entitled to receive the entire net income of the trust. The trust agreement is so construed and the trustee instructed to carry out its terms as so construed.
A ruling that either the trust was revoked or that it ended on the grantor’s death would necessarily entitle Patricia Ladew, the grantor’s daughter and residuary legatee, to receive the principal of the trust as prayed for in the Bedford-Ladew petition. The position so taken in the Bedford-Ladew petition, and now held by the court to be untenable, is also contrary to that asserted on behalf of the infant Joelle Kennedy, by her guardian, thus demonstrating the adversity of interest of Patricia Ladew and her daughter, Joelle Kennedy.
The order to show cause on the trustee’s petition requests instructions whether, if the trust continues for the life of Bruce Stewart Lachlan,— and, as the court has determined, it does so continue — the determination of the remainder interest must await his death or such remainder interest has vested in Patricia Ladew, as the grantor’s issue, “ her surviving ”. The trustee’s memorandum argues that the remainder interest has already vested in Patricia Ladew. Joelle Kennedy’s guardian contends otherwise, again illustrating the conflicting interests of mother and daughter. The doubt is engendered by the wording of the disposition of the remainder interest in the trust agreement. The agreement first directs that the principal be turned over “to Grantor’s issue her surviving”. This direction is, however, immediately followed by the provision for payment of the principal to the grantor’s sister and brother if “ on the termination of the trust as herein provided, there is no issue of the Grantor then surviving ”. (Emphasis supplied.) There is no present need to resolve the doubt created by these apparently contradictory provisions. If, on the death of Bruce Stewart Lachlan, Patricia Ladew is living, she will be entitled to the principal as the issue, surviving both the grantor and the termination of the trust. In that case, no question will arise. The question is thus academic now, and discretion dictates that the court refrain from its determination at this time. (Matter of Mount, 185 N. Y. 162; Looram v. *330 Looram, 269 N. Y. 296, 304; Matter of Stout, 1 A D 2d, 901, 902.) Further reason for this course is found in the consideration that if, when the trust ends, the question requires solution, an accounting will in all likelihood become necessary and the trust not be exposed to any substantial added expense because of the incidental construction question. Accordingly, no present determination of the question is made.
No party .seems to dispute that the net income of the trust Collected before, hut undistributed at the grantor’s death, as well as all other net income accrued to the date of the grantor’s death, was payable to the executor of the grantor’s will. The court so rules: the trustee properly paid all such income to the executor rather than to Patricia Ladew.
A single order shall be settled in the consolidated proceeding, in accordance with the foregoing, which may further direct the trustee to account.