REGAN, Judge.
The testator in this succession, Anne Zemurray Hammett, died on September 26, 1961, in New Orleans, leaving an olographic will, in which, among other things, she endeavored to revoke an inter vivos revocable trust dated April 21, 1959 of which the Hanover Bank, a New York corporation, was designated as trustee. The corpus of the trust, consisting of incorporeal movables, is located in New York in the possession of the trustee.
On May 5, 1967, Emile J. Dreuil, Jr., the administrator of the succession of James H. Atkinson, a legatee in the will, filed a motion to remove Samuel Zemurray, III, as dative testamentary executor of Mrs. Hammett’s succession. The reason asserted for his removal is his failure to perform an obligation imposed on him by law in that he neglected to obtain control of the proceeds of the trust entered into between the decedent and the Hanover Bank and Trust Company. The hypothesis upon which the motion to remove is predicated is that the trust was revoked and terminated by the terms of decedent’s will and that the dative testamentary executor was obligated, under these circumstances, to obtain the assets forming the corpus of the trust and make them a part of the Louisiana succession.
The executor responded by pointing out that under the law of New York and in conformity with the specific provisions of Mrs. Hammett’s inter vivos trust, the trust was not terminated by her testamentary revocation.
The lower court rendered judgment dismissing the motion to remove the executor, and from that judgment, Dreuil has appealed.
*697 The foregoing elucidation discloses that the specific question posed for our consideration is whether the dative testamentary executor of the succession of Anne Zemurray Hammett was so remiss in his obligation to the succession in neglecting to retrieve the assets from the New York bank so as to constitute cause for his removal form this position of trust.
The New York law in effect when the trust was created, Section 12-a of the Personal Property Law, McKinney’s Consol. Laws, c. 41, provided that when an individual creates a trust of personal property situated in the state of New York and designates therein that the trust shall be construed and regulated by New York law, the validity and effect thereof shall in fact be determined by the laws of the state of New York. This same provision was retained in substance when this law was recodified and reenacted as Section 7-1.10 of the New York Estates, Powers and Trust Law, McKinney’s Consol.Laws, c. 17-b.
The trust specifically designated that the law of New York was to be applied to it. In addition thereto, the trust further stipulated that it could only be revoked or can-celled by the grantor upon her serving upon the trustee written notice of such revocation or cancellation. No such notice was ever served upon the bank, and the only endeavor to revoke the trust was that which was contained in the decedent’s will.
The executor has shown that under New York law, an inter vivos trust which provides for revocation by the grantor upon notice to the trustee may not be revoked in the grantor’s testament.[1]
Under these circumstances, we are convinced that the executor of the legatee did not sustain his burden of proving maladministration on the part of Zemurray. On the contrary, Zemurray has shown that he is acting pursuant to the statutory and jurisprudential law applicable to the trust, and there is nothing in the record which reveals that there exists any cause for his removal.
In conclusion, we are constrained to point out that the rationale of this opinion is limited in its ratio to the existence vel non of grounds for the removal of the dative testamentary executor of the succession from office. We specifically refrain from deciding, either directly or by innuendo, the legal efficacy in Louisiana of the testamentary revocation of the trust, the continued existence of said trust, the applicability of Louisiana law to the assets thereof, or any other questions of law or fact other than the specific question which was posed for our consideration.
For the foregoing reasons, the judgment of the lower court is affirmed.
The appellant is to pay all costs of his motion in the lower court and all costs of this appeal.
Affirmed.

. In re Lachlan’s Trust, 24 Misc.2d 323, 193 N.Y.S.2d 408 (1959); Chase National Bank of City of New York v. Tomagno, 172 Misc. 63, 114 N.Y.S.2d 759 (1939).