MIRIAM HORWITZ, individually, as guardian, and as trustee, vs. JEROME HORWITZ. May 27, 1975. The decree of the Probate Court dismissing this petition in equity for a reconveyance of certain property held by the parties as trustees for the benefit of their children, which property the respondent had unilaterally purported to convey to himself and the petitioner without consideration as tenants by the entirety free from the trust two days before the parties' decree nisi of divorce became absolute, and for further relief, was patently erroneous. 1. There is no merit in the respondent's contention that no trust was created. The first sentence of article 8 of the instrument, read together with other provisions which plainly confer beneficial interests upon the children, obviously refers only to *legal* title to the property. The broad powers given the trustees by the provisions of articles 3 (compare *Horowitz* v. *State St. Trust Co.* 283 Mass. 53, 59 [1933]) and 12 (compare *Briggs* v. *Crowley,* 352 Mass. 194, 196-197, 199-201 [1967]) are not incompatible with the existence of a trust. 2. Even if the power to

amend the trust conferred by article 13 included a power of revocation (compare *Stahler* v. *Sevinor,* 324 Mass. 18, 21-22 [1949]; *Scott* v. *Dane,* 346 Mass. 784 [1964]), which we do not decide, such a power would have been exercisable only by the two trustees acting jointly in the absence ·of a provision to the contrary in the trust instrument. *Commissioner of Corps. & Taxn.* v. *Springfield,* 321 Mass. 31, 43 (1947), and cases cited. The second paragraph of article 17, whereby "the masculine gender shall be deemed to include the feminine and the singular the plural and vice versa," is not such a provision, but was plainly intended merely as a guide for the interpretation of other provisions which might otherwise be ambiguous in the event, for example, of a change in the number of trustees or beneficiaries. Compare G. L. c. 4, § 6, Fourth. The first paragraph of article 17, on the other hand, would have the effect of altering the unanimity requirement for amending the terms of the trust if there should at any time be three or more trustees; that provision would be rendered utterly meaningless if we were to give the second paragraph the strained interpretation adopted by the probate judge who entered the decree. 3. By thus disposing of the trust property purely for his personal gain, the respondent committed a breach of his fiduciary duty sufficient to justify his· removal (compare *Comstock* v. *Bowles,* 295 Mass. 250, 257-259 [1936]), and, in our opinion, so flagrant as to require it. See *Gordon* v. *Gordon,* 332 Mass. 210, 212-213 (1955), cert. den. 349 U. S. 947 (1955); and *Cooney* v. *Montana,* 347 Mass. 29, 38-39 (1964). 4. The decree is reversed. Judgment is to enter ordering (a) a reconveyance of the trust property named in the petition, (b) the removal of the respondent as trustee, and (c) an accounting by the respondent for any income received by him from that property, less any reasonable expenses incurred by him in the operation and maintenance thereof. Prior to the entry of such a judgment the court shall hold such further proceedings as may be necessary to bring the accounting in (c) down to the date of the reconveyance.

*So ordered.*

*Edward M. Mahlowitz* for the petitioner.
*Edmund M. Hurley* for the respondent.