[Civ. No. 38478. First Dist., Div. Four. Jan. 26, 1977.]

HIBERNIA BANK, Plaintiff and Appellant, v.
WELLS FARGO BANK, Defendant and Respondent.

## Counsel

Arthur R. Bridgeman for Plaintiff and Appellant.

Ewart Lytton Merica for Defendant and Respondent.

## Opinion

**RATTIGAN, J.**—Appellant Hibernia Bank, as special administrator of the estate of Katheryn Hotaling, deceased, commenced this action

against respondent Wells Fargo Bank National Association, seeking a judgment which would (1) declare that the decedent, in her lifetime, had effectively revoked a written trust agreement she had previously executed with respondent and (2) order respondent to deliver the trust assets to appellant. The trial court granted respondent's motion for a summary judgment pursuant to section 437c of the Code of Civil Procedure. The appeal is from the ensuing summary judgment, which dismissed appellant's action.

*Facts*

The record supports the following recitals: On July 8, 1974, Katheryn Hotaling, as trustor, entered into a written trust agreement with respondent wherein she conveyed to it, as trustee, certain assets to be used for her support, care, comfort and convenience during her lifetime and to be conveyed by respondent to certain named beneficiaries upon her death. The 12th paragraph of the trust agreement provided:

"This Trust Agreement and this trust is revocable by the Trustor, PROVIDED, HOWEVER, that such revocation shall not be effective until and unless approved in writing by EWART LYTTON MERICA, the attorney for the Trustor; and, FURTHER PROVIDED, that such said revocation shall not be effective unless a Notice of Revocation in writing signed by the Trustor and duly acknowledged by her before a Notary Public in and for the State of California, and bearing thereon the written approval of the said EWART LYTTON MERICA, as the attorney for the said Trustor, has been delivered to, and, received by, the Trustee, and, FURTHER PROVIDED, HOWEVER, that such said revocation shall, in no event, be effective until and unless at least sixty (60) days have elapsed subsequent to the delivery to, and, the receipt by, the Trustee of such said Notice of Revocation."

On July 30, 1974, while she was confined in a convalescent hospital in San Francisco, Katheryn Hotaling told three employees of the hospital that she wanted to revoke the aforementioned trust; that she no longer desired the primary beneficiary, named in the trust agreement, to take the assets upon her death; and that she wanted one "Mr. Callan" appointed as "absolute conservator" of her estate. In the presence of the hospital employees, she signed a statement expressing these wishes.

On August 14, 1974, Harold E. Hardman was appointed conservator of the person and estate of Katheryn Hotaling. On the following day his

attorney, Robert B. Hansen, sent to respondent a photocopy of the purported revocation together with a letter stating that Mr. Hardman, as conservator, joined in the revocation of the trust. These documents were received by respondent on August 16, 1974.

Katheryn Hotaling died on August 31, 1974. On January 9, 1975, appellant was appointed special administrator of her estate. Appellant thereupon made demand upon respondent for delivery of the trust assets. Respondent refused, contending that Katheryn Hotaling had not validly revoked the trust because she had not complied with the revocation provisions of the 12th paragraph of the trust agreement quoted above. This action followed.

### Discussion

Appellant admits that the trust agreement was not revoked in the manner provided in the 12th paragraph of the trust agreement. It is also undisputed that the trustor did not contact Attorney Merica, to obtain his approval of the purported revocation, before she signed it; that Merica did not approve it; and that she had not signed and acknowledged it before a notary public.[1] Appellant contends, however, that the trustor's compliance with the revocation provisions of the trust agreement in these respects was not required, in order to effect a valid revocation of the trust it created, because of the passage in Civil Code[2] section 2280 which provides "[u]nless expressly made irrevocable by the instrument creating the trust, every voluntary trust shall be revocable by the trustor by writing filed with the trustee."

Appellant contends that this language, as interpreted by the court in *Fernald* v. *Lawsten* (1938) 26 Cal.App.2d 552 [79 P.2d 742], provides a specific procedure for revoking a voluntary trust which prevails over any agreement between the parties to the contrary. Appellant cites no other decision in support of this argument.

Respondent variously asserts that section 2280 is inapplicable to the instant trust agreement, that *Fernald* was improperly reasoned, and that section 2280 should be interpreted, as the court construed it in *Rosenauer* v. *Title Ins. & Trust Co.* (1973) 30 Cal.App.3d 300 [106 Cal.Rptr. 321], as

---

[1]For these reasons, and upon the full record, there is no basis for reversing the summary judgment upon the ground that there is any "triable issue as to any material fact." (See Code Civ. Proc., § 437c.)

[2]Hereinafter, all statutory references are to the Civil Code.

providing a method of revocation only where the trust instrument is silent on the subject.

■    The Civil Code apparently contains no provision governing the revocation of voluntary trusts created solely for the benefit of the trustor. Section 2280 applies to trusts created, at least in part, for the benefit of another. (See § 2250.) Although respondent argues that the present trust was created solely for the benefit of Mrs. Hotaling, the instrument named three other individuals who were to benefit at her death. It has been held that revocation of such a trust is governed by section 2280. (*Title Ins. & Trust Co.* v. *McGraw* (1945) 72 Cal.App.2d 390, 399-400 [164 P.2d 846].) The proper interpretation of that section is thus determinative of the appeal.

■    In *Rosenauer* v. *Title Ins. & Trust Co., supra,* 30 Cal.App.3d 300 at pp. 301-304, the trust agreement provided that it could be revoked at any time during the lifetime of the trustor by the delivery to the trustee of an instrument in writing executed by the trustor. The trustor's will contained a provision purporting to revoke the trust. The appellate court held that the revocation was ineffective in that the trust agreement expressly required an *inter vivos* revocation. Responding to the argument advanced by appellant here, to the effect that section 2280 should control regardless of the recitals in the trust instrument concerning the method of revocation, the *Rosenauer* court stated:

"While Civil Code section 2280 was undoubtedly intended to liberalize the power of revocation in California we do not believe it was intended to operate as a nullification of a trustor's plainly expressed preference for a mode of revocation.

"The thrust of the statute is to remove any doubt concerning the revocability of a voluntary trust which is silent on the subject and it cannot be construed as creating an exclusive method for the exercise of the power when as here the trust is not silent but instead quite specific." (*Rosenauer* v. *Title Ins. & Trust Co., supra,* 30 Cal.App.3d 300 at p. 304.)[3]

The *Rosenauer* holding is in accord with the Restatement Second of Trusts, section 330, comment (j), which states in part: "If the settlor reserves a power to revoke the trust only in a particular manner or under

---

[3]Prior to the amendment of section 2280 in 1931, a trust agreement which was silent as to the manner of revocation was deemed to be irrevocable. (See West's Civ. Code Ann., § 2280, Historical Note.)

particular circumstances, he can revoke the trust only in that manner or under those circumstances." (See also 3 Scott, The Law of Trusts (2d ed. 1956) § 330.8, p. 2403; *id.*, (1966 Supp.), pp. 87-88; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 116, p. 5474.)

Appellant asks this court to ignore the *Rosenauer* holding and to follow language in the *Fernald* decision wherein the court purported to apply section 2280 as follows: "The trust agreement contains no express provision that it is to become irrevocable. It is expressly provided that the trust shall become revocable when 'agreed upon in writing by the parties thereto.' This does not affirmatively declare the trust may not be otherwise terminated. Since the document is not expressly made irrevocable, it may be revoked in the manner provided by section 2280 of the Civil Code. . . . [¶] . . . Where the statute provides the specific procedure for revoking a voluntary trust, it will prevail over an agreement between the parties to the contrary, provided the trust is not expressly made irrevocable." (*Fernald* v. *Lawsten, supra,* 26 Cal.App.2d 552 at pp. 560-561.)

The *Fernald* court cited no precedent for this language. While the law might favor the free revocability of a trust in the interests of the alienability of property generally, there is no basis to conclude that such policy would be furthered by denying to a trustor the power to specify the manner of revocation. *Fernald* would in effect require a trustor to create either an irrevocable trust or one freely revocable upon written notice. It would not allow him to protect himself from the consequences of his whim, caprice, momentary indecision, or of undue influence by other persons. Moreover, the actual basis for revocation of the trust in *Fernald,* which was not the basis for revocation here, was constructive fraud on the part of the trustee. (*Fernald* v. *Lawsten, supra,* 26 Cal.App.2d 552 at pp. 561-562.) In additional contrast to the present case, the trust in *Fernald* was created *solely* for the benefit of the trustor. (See *id.,* at pp. 556-558. See also *Title Ins. & Trust Co.* v. *McGraw, supra,* 72 Cal.App.2d 390 at p. 400.)

For these reasons, we conclude that *Rosenauer* should control the present case in preference to *Fernald.* (See *Rosenauer* v. *Title Ins. & Trust Co., supra,* 30 Cal.App.3d 300 at p. 304; compare *Fernald* v. *Lawsten, supra,* 26 Cal.App.2d 552 at pp. 560-561.) The trial court was accordingly correct in its determination that Katheryn Hotaling did not effectively revoke her trust agreement with respondent, and in granting the latter's

motion for summary judgment on this basis. (See fn. 1, *ante.*) In light of these conclusions, other points raised by appellant need not be reached.

The summary judgment is affirmed.

Caldecott, P. J., and Christian, J., concurred.

A petition for a rehearing was denied February 25, 1977, and appellant's petition for a hearing by the Supreme Court was denied March 24, 1977.