**In re Bennie B. BOWERS, Debtor.**

**Bankruptcy No. 98–12003–WCH.**

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

July 1, 1998.

---

Carolyn A. Bankowski, Curran Coffey & Tavenner, Boston, MA, for Debtor.

Richard Askenase, Boston, MA, Chapter 13 Trustee.

## DECISION REGARDING OBJECTION OF CHAPTER 13 TRUSTEE TO DEBTOR'S CLAIM OF EXEMPTION

WILLIAM C. HILLMAN, Bankruptcy Judge.

### I. Background

Bennie B. Bowers (the "Debtor") filed for relief under Chapter 13 on March 3, 1998. The Debtor listed no interest in real estate in Schedule A. In Schedule B, he disclosed that he is the co-trustee and beneficiary of the Bennie B. Bowers Trust (the "Trust") which interest has a market value of $24,000.[1] In Schedule C, the Debtor claimed a $15,000 exemption in his interest in the Trust pursuant to 11 U.S.C. § 522(d)(1).[2]

The Chapter 13 trustee (the "Trustee") filed an objection to the Debtors' claim of exemption on the grounds that he does not believe that an interest in trust property is subject to an exemption under 11 U.S.C. § 522(d)(1) citing *In re Flynn,* 200 B.R. 481 (Bankr.D.Mass.1996). In *Flynn,* the Debtor appeared to hold an interest in a trust the *res* of which was real property. From the documents provided, I was unable to determine the nature of the ownership of the property or the characteristics of the trust and therefore did not decide the propriety of the debtor's claimed exemption. *Id.* at 485.

The Debtor correctly suggests that *Flynn* is inapplicable on the grounds that I did not decide the issue in that case. The Debtor then argues that under *In re Lyons,* 193 B.R. 637 (Bankr.D.Mass.1996), he has an equitable interest in the Trust which constitutes intangible personal property. Because this interest constitutes personal property which the Debtor uses as a residence, he argues that the claimed exemption is proper.

In *Lyons,* Judge Feeney found that on the petition date the Debtors were co-trustees of a trust of which the debtor/wife and children were the beneficiaries. *Id.* at 645. As such, Judge Feeney ruled that "on the petition date, the properties were not owned by the Debtors, did not constitute 'property of the estate,' and only Mrs. Lyons had an equitable interest in the Trust properties that constituted intangible personal property." *Id.*

In his response to the Trustee's objection, the Debtor included a copy of the Declaration of Trust. He provided no amendments to the Declaration. It provides in applicable part as follows:

> We, Bennie B. Bowers and Ardelia M. Bowers, husband and wife, both of 7 St. James Street, Roxbury, Massachusetts being the CO–TRUSTEES and GRANTEES named in two deeds to be recorded herewith ... declare that we hold the aforesaid

---

1. The co-trustees of the Trust are the Debtor and his wife. The beneficiaries of the Trust are the Debtor, his wife and their child.

2. That subsection provides for an exemption in "real property or personal property that the debtor or a dependent of the debtor uses as a residence ..." 11 U.S.C. § 522(d)(1).

property so conveyed to us as Co–Trustee for the benefit of ourselves and our child ... the right of revocation being hereby expressly reserved.[3]

THE USES AND TRUSTS UPON WHICH WE HOLD THE SAME ARE AS FOLLOWS:

1. To hold, manage, control, invest and reinvest said property and any other property, real or personal that may be conveyed or transferred to us as Co–Trustees hereunder ...

3. To alter and amend any of the terms or all of this trust and to change the beneficiary or beneficiaries, to resign and to appoint a new trustee or trustees, by a writing signed and acknowledged by us and recorded in the Registry of Deeds for the County of Suffolk.

4. To pay the net income and any part or all of the principal of the trust property to ourselves during the term of our natural life ...

6. No part of this trust shall be reached by creditors or be subject to any attachments thereof by said creditors.[4]

## II. Analysis

■■■ Under the statute, the Debtor is entitled to an exemption in personal property which he uses as a residence. The Debtor is correct in concluding that his one-third interest in the Trust is property of his estate. The present *res* of the Trust is two parcels of real property, one of which the Debtor uses as his residence. Under 11 U.S.C. § 522(d)(1), however, the Debtor must reside in the personal property. This is the step on which the Debtor falters. He does not reside in his one-third interest in the Trust. Rather, he resides in a portion of the *res* of the Trust. Therefore, the Trustee is correct in contending that the Debtor has not met the terms of 11 U.S.C. § 522(d)(1).

## III. Conclusion

For the reasons stated above, a separate order will enter sustaining the objection to the exemption.

---

3. The parties did not raise the issue of the effect of the right of revocation contained in the Trust. In interpreting that provision under Massachusetts law, I conclude that the revocation language has no effect on this decision because the Debtor and his non-debtor wife have not revoked the trust. *Horwitz v. Horwitz*, 3 Mass.App.Ct. 753, 327 N.E.2d 918 (1975)(requiring both trustees exercise revocation power absent contrary provision in trust instrument), *Old Colony Trust Co. v. Gardner*, 264 Mass. 68, 70, 161 N.E. 801 (1928)(interest created by trust instrument unaffected until power to revoke exercised). I note that if the Debtor were to have claimed his exemption under the Massachusetts homestead statute, Mass. Gen. Laws ch. 188 § 1, it appears he would not be entitled to the same. *Assistant Recorder of the North Registry District of Bristol County v. Spinelli*, 38 Mass.App.Ct., 655, 659–60, 651 N.E.2d 411 (1995)("Spinelli, having elected to place the property in trust, is not entitled to the protection afforded by a declaration of homestead, either as a trustee of the investment trust or as the occupant of the property. Her decision to separate legal and equitable ownership of the property affords her the protection provided in the investment trust and the living trust, but it renders her ineligible for the protection afforded by a declaration of homestead.")

4. The Debtor does not argue that what interest he has in the Trust cannot be property of the estate based upon this spendthrift provision. Judge Feeney recently issued a decision with parallel facts in which she held that the debtor's one-third beneficial interest was property of the estate notwithstanding the spendthrift language in the trust instrument. *Aylward v. Landry, et al. (In re Landry)*, Adv. P. No. 97–11619 (Bankr. D.Mass. May 19, 1998).